**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS C. ASHWORTH,

Petitioner-Appellant,

v.

JAMES RUDEK, Warden,

Respondent-Appellee.

No. 13-5108
(D.C. No.4:10-CV-00609-TCK-FHM)
(N.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Douglas Ashworth, a state inmate, seeks a certificate of appealability
(COA) to appeal from the district court's denial of his habeas corpus petition
brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1). He makes a series
of arguments claiming the state courts erred in evaluating the effectiveness of his
counsel, the sufficiency of the evidence, and other trial related decisions.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because Ashworth has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY a COA and DISMISS the appeal.

## I. Background

As recounted by the Oklahoma Court of Criminal Appeals, on the morning of December 8, 2005, Ashworth was awakened by Steven McIntosh, who had been let into the house by a woman named Adriane Barker. McIntosh informed Ashworth that Ashworth's car was missing from the garage. Ashworth, concluding the car had been stolen, irately accused Barker of aiding the thieves, and pointed a shotgun at her. Barker denied his accusations, but Ashworth told her to shut up. Ashworth then retrieved a pistol and approached Barker, who continued to proclaim her innocence and love for Ashworth. Ashworth again became irate, pointed the gun three to four inches from Barker's head, and pulled the trigger, killing Barker. Ashworth then wrapped Barker's body in a throw rug, stuffed it into a crawl space, and recruited two other men to help dispose of the body. *Ashworth v. State* (*Ashworth I*), No. F-2007-605, slip op. at 1–2 (Okla. Crim. App. Aug. 27, 2008).

A jury convicted Ashworth of (1) First Degree Murder and (2) Unlawful Removal of a Dead Body. Ashworth was sentenced to life without the possibility of parole on Count 1. Ashworth unsuccessfully appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA) on five grounds, substantially all

-2-

of which he re-alleges here. *See id.* Ashworth then filed a petition for habeas relief in the Tulsa County District Court, raising claims of ineffective assistance of trial and appellate counsel. The state district judge denied the application and the OCCA affirmed the denial of state habeas relief. *Ashworth v. State* (*Ashworth II*), No. PC 2010-168 (Okla. Crim. App. Sept. 24, 2010).

Ashworth then sought habeas relief in federal court, alleging six grounds of error: (1) ineffective assistance of trial and appellate counsel based on a failure to develop evidence to support Ashworth's theory of the defense; (2) ineffective assistance of trial counsel based on a failure to move to suppress certain evidence; (3) insufficiency of the evidence; (4) error in jury instructions; (5) prosecutorial misconduct; and (6) cumulative error. The district court rejected each of his six claims on the merits.[1] *Ashworth v. Rudek*, No. 10-CV-609-TCK-FHM, 2013 WL 3752135 (N.D. Okla. July 16, 2013).

Ashworth now seeks a COA from this court.

## II. Analysis

We grant a COA only if an applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, a

---

[1] Although the OCCA found that Ashworth had waived the first claim by failing to argue it on direct appeal, the OCCA nevertheless addressed Ashworth's claims of ineffective assistance of trial and appellate counsel on the merits. The district court therefore found that the claim was not procedurally barred and adjudicated it on the merits.

petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Because Ashworth filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA's standards of review apply. *Snow v. Sirmons*, 474 F.3d 693, 696 (10th Cir. 2007). Under AEDPA, if the state court addressed a claim on the merits, we may grant a writ only if: (1) the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Absent clear and convincing evidence to the contrary, this court presumes that state court factual findings are correct. *Id.* § 2254(e)(1).

### A.     *Ineffective Assistance of Trial and Appellate Counsel*

To prevail on his claims of ineffective assistance of counsel, Ashworth must show both (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness," and (2) prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[W]hen evaluating an ineffective assistance of counsel claim under § 2254(d)(1), our review is 'doubly deferential.' We defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how best to represent a client." *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009) (citing *Knowles v. Mirzayance*, 556 U.S. 111 (2009)).

Because the OCCA applied the appropriate legal standard to the ineffective assistance of counsel claim, *Ashworth II*, PC 2010-168, slip op. at 3, we may grant a COA only if Ashworth demonstrates either (1) the OCCA unreasonably applied *Strickland* to the facts; or (2) the OCCA's findings were based on an unreasonable determination of the facts. *See Trice v. Ward*, 196 F.3d 1151, 1160 (10th Cir. 1999).

### 1. Failure to Present a Defense

Ashworth argues that his trial counsel provided ineffective assistance by failing to present available witnesses or evidence that would have supported Ashworth's theory of the defense—that there were many people in his home, some of whom were armed felons trying to rob him, that he had been drugged, and that he accidentally killed Barker during a home invasion. Ashworth claims that these witnesses would have testified: (1) there were other people in Ashworth's home, including armed felons, who were let in without Ashworth's

-5-

permission; (2) there was a plan to rob Ashworth, take his safe, and use a girl as a decoy; (3) other people were involved in the removal of Barker's body or that Ashworth was not involved in removing her body; and (4) a person actually stole his car that morning. He also claims that phone records showing calls made on his phone would have corroborated the existence of a plan to rob him. Relatedly, Ashworth argues that appellate counsel was ineffective by failing to argue that Ashworth had been denied his right to present a defense.

We conclude the OCCA reasonably applied *Strickland* and that Ashworth has not established that he was prejudiced by his trial or appellate counsel's failure to present the evidence cited. Ashworth does not state that any of the potential witnesses could refute the testimony of eyewitnesses regarding Ashworth's demeanor or conduct the instant before he pulled the trigger, killing Barker, or even that any of them witnessed the shooting. And, at worst, the testimony regarding the plans to rob Ashworth and use Barker as a decoy only further corroborate Ashworth's suspicions that Barker had helped rob him, making it even more likely that a jury would find that Ashworth intended to kill her. Furthermore, the jury heard Ashworth's testimony that he was not involved in removing the body and disposing of it through the testimony of Detective Felton, who testified that Ashworth "claimed to have returned home later to find that everyone had left, that the body had been removed from the crawlspace, and

that he did not know who took the body or what happened to it." *Ashworth*, No. 10-CV-609-TCK-FHM, 2013 WL 3752135, at *11.

Because Ashworth cannot show *Strickland* prejudice based on his trial counsel's failure to develop his theory of the defense, he cannot show that appellate counsel was deficient for failing to appeal this claim. An appellate counsel may omit issues on appeal if they are so plainly unmeritorious that "it would have been unreasonable to winnow it out even from an otherwise strong appeal." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (citation omitted). We conclude Ashworth did not receive ineffective assistance when his appellate counsel failed to argue that Ashworth had been denied his right to present his theory of the defense..

### 2. Decision Not to Testify

Ashworth also asserts that because of the ineffective assistance of his trial counsel, he was denied his constitutional right to testify in his own defense. The OCCA found that Ashworth failed to establish either prong of the *Strickland* standard. We agree that the OCCA's conclusion was neither contrary to nor an unreasonable application of *Strickland*.

Ashworth cannot show deficient performance because his trial counsel had informed the court that he extensively discussed Ashworth's decision not to testify, and at no point during the court's colloquy did Ashworth indicate his decision was uninformed or involuntary. Ashworth states he "did not perceive

that [his] testimony alone would be credible" if no other witnesses would testify. Aplt. Br. at 16. But he offers no evidence to support his argument that his decision not to testify was not an informed decision other than the fact that he now believes counsel should have proffered evidence supporting his theory of the defense. Furthermore, his decision not to testify was not prejudicial because the topics to which he allegedly would have testified were presented during trial through the testimony of other witnesses, including Detective Felton.

### *3. Failure to Move to Suppress Briefcase Contents*

Ashworth also argues that trial counsel provided ineffective assistance of counsel by failing to move to suppress the contents of his briefcase. At trial, the State introduced evidence of handwritten "notes" in Ashworth's briefcase mentioning his vehicle and that he was planning to sell it for $500. Aplt. Br. at 43. Ashworth argues that the State improperly used these notes to fabricate his motive for the murder—Ashworth was so upset about the loss of $500 that he killed Barker.

Even assuming that the notes were improperly admitted, the OCCA did not unreasonably apply *Strickland* when it denied this claim on direct appeal. Ashworth cannot demonstrate a reasonable probability that the result of his trial would have been different had the notes been suppressed. Based on the number of eyewitnesses who testified that Ashworth accused Barker of helping the thieves

immediately before killing her, reasonable jurists would not debate that the notes had no effect on the outcome of Ashworth's trial.

### B.     Sufficiency of the Evidence

Ashworth next argues that the evidence the State presented at trial was insufficient to prove beyond a reasonable doubt that he shot Barker with malice aforethought.  But Ashworth's failure to file a trial transcript in the record on appeal "precludes review of a conviction for sufficiency of the evidence."  *United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993).  As a result, we consider this claim waived.  *See id.*

### C.     Erroneous Jury Instructions

Ashworth also claims that erroneous jury instructions deprived him of his constitutional right to a fair trial.  He alleges (1) the instruction on the alternative lesser charge of second-degree murder misrepresented elements of the lesser charge; (2) the instructions on determining punishments forced the jury not to consider lesser offenses; and (3) the trial court failed to give instructions regarding proving malice through external circumstances or an accomplice corroboration instruction.

Generally, "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law."  *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (citations and internal quotation

marks omitted). A proceeding is so fundamentally unfair as to deprive a petitioner of due process of law if it is "shocking to the universal sense of justice." *United States v. Russell*, 411 U.S. 423, 432 (1973) (citations and internal quotation marks omitted). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

On direct appeal, the OCCA found on plain error review that the jury instructions did not deny Ashworth a fair trial. The OCCA did not unreasonably apply federal law,[2] and we agree that the jury instructions in this case did not violate Ashworth's right to a fair trial.

First, the jury instruction on second-degree murder informed the jury of the elements of the offense of felony murder. Although the instruction does not include the definition of "malice" for second-degree murder, the elements of the lesser offense are not "indistinguishable" from the elements of first-degree murder, as Ashworth contends. Aplt. Br. at 37. Second, the instructions given on the applicable punishment for first-degree and second-degree murder comply with applicable state law when taken together, as the jury is to first consider the greater offense and only consider the lesser offense if there is a reasonable doubt

---

[2] We have found that there is "no practical distinction" between Oklahoma's plain error test and the federal due-process test. *Thornburg v. Mullin*, 422 F.3d 1113, 1125 (10th Cir. 2005). As a result, the OCCA did not unreasonably apply federal law. *See Ashworth I*, No. F-2007-605, slip op. at 9–10.

of the defendant's guilt of the greater offense.  *See Frederick v. State*, 37 P.3d 908, 945 (Okla. Crim. App. 2001); OUJI-CR (2d) 10-24.  In this case, the jury convicted Ashworth of first-degree murder.  As a result, any potential confusion regarding punishment for second-degree murder could not have affected the outcome of Ashworth's trial because it was not even considered.  Finally, even assuming that the state court erred in failing to give instructions regarding proof of malice aforethought and accomplice corroboration, Ashworth has not established a reasonable probability that the outcome of the case would have been different but for this failure.

### D.      *Prosecutorial Misconduct*

Ashworth alleges that he was deprived of his constitutional right to a fair trial because the prosecutor (1) stated a fact to the jury he allegedly knew was false; and (2) improperly vouched for a witness.

Claims of prosecutorial misconduct are reviewed for a violation of due process.  *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  The petitioner must prove that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

On direct appeal, the OCCA concluded that, in light of all the evidence presented at trial, any misconduct was insignificant and not prejudicial.  In reaching this conclusion, the OCCA did not unreasonably apply federal law.  We

-11-

agree that Ashworth has failed to demonstrate a reasonable probability that the outcome of his trial would have been different absent the alleged misconduct.

### *E.    Cumulative Error*

Ashworth finally claims that the errors at trial cumulatively deprived him of a fair trial.  Cumulative error analysis applies only where there are two or more actual errors.  *Workman v. Mullin*, 342 F.3d 1100, 1116 (10th Cir. 2003).

On direct appeal, the OCCA found that none of the claimed errors, either individually or in the aggregate, prejudiced Ashworth.  Because we have not found two or more actual errors, we do not apply cumulative error analysis.  As a result, Ashworth cannot show the OCCA's rejection of this claim was contrary to or an unreasonable application of federal law.

## III.  Conclusion

For the reasons stated above, we DENY Ashworth's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge